UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1:10-md-2197 |
| | HONORABLE JEFFREY J. HELMICK |
| This Document Relates to: *Wagner v. DePuy Orthopaedics Inc., et al.*, Case No. 1:16-dp-20069 | **ORDER** |

Defendants have filed a motion to dismiss this case pursuant to Rule 41(a), asserting Plaintiff Johnnie Wagner has not complied with my November 18, 2022 Order requiring her to provide notice of whether she has retained new counsel or intends to proceed pro se. (Doc. No. 15). Plaintiff's response was due on or before February 1, 2023, but Plaintiff has not provided the required notice. I previously warned Plaintiff that failure to comply with my Order would result in the dismissal of her case with prejudice. (Doc. No. 13).

Rule 41(b) permits a court to dismiss an action or a claim if "the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b). In contemplating this course, the court must consider its "need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims" while also keeping in mind "the policy which favors disposition of cases on their merits." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

I conclude the circumstances of this case demonstrate Plaintiff failed to comply with a court order and to otherwise prosecute this case. Therefore, I grant Defendants' motion to dismiss, (Doc. No. 15), and dismiss this case with prejudice.

So Ordered.

s/ Jeffrey J. Helmick     2/8/23<br>
United States District Judge